# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

_____

Marvin Murrell,
     Petitioner

    vs                         Case No. 1:04cv634
                                 (Watson, J.; Hogan, M.J.)

Tim Brunsman,[1]
     Respondent

_____

## REPORT AND RECOMMENDATION

_____

Petitioner, a prisoner in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has brought this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss (Doc. 7), which has been opposed by petitioner (Doc. 8).

In the petition, petitioner asserts four grounds for relief. In Ground One, he challenges the trial court's rulings denying his motion for judgment of acquittal after the verdict and his motion for new trial based on the newly discovered evidence of another person's confession to the crime. (Doc. 1, p. 5). In Ground Two, he challenges the sufficiency of evidence. (_Id._). In Ground Three, he alleges prosecutorial misconduct during closing argument. (_Id.,_ p. 6). In Ground Four, he claims that his trial counsel provided ineffective assistance by, among other things, failing to file a motion to suppress "illegally obtained evidence" and other pretrial motions. (_Id._).

_____

[1]In the petition, petitioner properly named as respondent James Erwin, who was then Warden of Chillicothe Correctional Institution (CCI), where petitioner is incarcerated. However, since the time petitioner instituted this action, Erwin was replaced by Tim Brunsman as CCI's Warden. Because Tim Brunsman is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. _See_ Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Respondent seeks to dismiss the petition on the ground that petitioner has not fully exhausted the available state remedy of an appeal from the trial court's denial on April 9, 2004 of his second motion for a new trial. (Doc. 7, p. 7). It appears from the record presented that as of November 18, 2004, the date respondent filed the motion to dismiss, petitioner had filed an appeal with the Ohio Court of Appeals, First Appellate District, challenging the denial of his second motion for new trial, which was then pending before that court for ruling. (*See id.*, Brief, p. 6 & Exs. 30, 31).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the state courts, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Based on the present record, it appears that petitioner has not fully exhausted a state remedy with respect to one of his four grounds for federal habeas relief. Respondent contends in the motion to dismiss that the pending state appeal from the denial of his second new trial motion pertains to the claim alleged in Ground One of the petition. However, upon review of the record, the claim alleged by petitioner in Ground One actually was raised in petitioner's first motion for new trial, the denial of which was presented and decided on direct appeal in the state courts. (*See* Doc. 7,

2

Ex. 3; Ex. 9, pp. 4-7; Ex. 11, pp. 5-6; Ex. 12, pp. 4-7; Ex. 14).  Moreover, it appears that petitioner's claims alleged in Grounds Two and Three of the petition were fully exhausted on direct appeal.  (*Id.,* Ex. 9, Ex. 9, pp. 8-14; Ex. 11, pp. 6-9; Ex. 12, pp. 8-14; Ex.  14).  However, the ineffective assistance of counsel claims alleged in Ground Four of the petition stemming from counsel's failure to file a motion to suppress and other pretrial motions were first asserted by petitioner in his second motion for new trial.  (*See id.,* Ex. 25, pp. 15-16).  These claims also were raised by petitioner on appeal to the Ohio Court of Appeals from the trial court's April 9, 2004 order denying the new trial motion.  (*See id.,* Ex. 30, pp. 5-9).  It is these claims that remain unexhausted during the pendency of petitioner's latest appeal in the Ohio courts.

Requiring petitioner to exhaust the currently pending, available state appeal remedy with respect to the ineffective assistance of trial counsel claims alleged in Ground Four of the petition will serve the interests of federal-state comity by giving the Ohio Court of Appeals and ultimately the State's highest court the opportunity to address petitioner's claims on the merits.  *See Castille v. Peoples,* 489 U.S. 346, 349 (1989).

Although respondent has requested the Court to dismiss the petition (*see* Doc. 7), when a timely-filed habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies, the renewed petition may be barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the running of the one-year statute of limitations is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.  In *Duncan v. Walker,* 533 U.S. 167 (2001), the United States Supreme Court held that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" that would serve to toll the limitations period under § 2244(d)(2).  A concurring opinion by Justice Stevens joined by Justice Souter specifies that the equitable powers of the federal court may be employed in such a situation to toll the statute of limitations for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan,* 533 U.S. at 184.  The justice suggests that the district court either stay the original habeas proceeding until petitioner exhausts his state court remedies or deem the limitations period tolled for the first habeas petition.  *Id.* at 182-83.

3

These alternative approaches were noted with approval by the United States Court of Appeals for the Sixth Circuit in *Palmer v. Carlton,* 276 F.3d 777 (6th Cir. 2002). The court explained that Congress could not have desired "the preclusion of a timely filed petition for the writ due to the need to accord state courts the opportunity to adjudicate claims." *Palmer,* 276 F.3d at 780. The Sixth Circuit discussed a Second Circuit case, *Zarvela v. Artuz,* 254 F.3d 374 (2nd Cir.), *cert. denied,* 534 U.S. 1015 (2001), which had adopted the stay alternative, imposing a brief, reasonable time limit upon the petitioner to exhaust his claims in the state courts and return to federal court to prevent undue delay. *See Palmer,* 276 F.3d at 780. Under this approach, the stay may be vacated if the time limits imposed are not satisfied. *Id.* (citing *Zarvela,* 254 F.3d at 381). The Second Circuit ruled that outright dismissal, as opposed to a stay, jeopardized the timeliness of petitioner's federal collateral review. *See id.* (citing *Zarvela,* 254 F.3d at 382). The First, Seventh, and Ninth Circuits also appear to favor the stay approach. *Kelly v. Small,* 315 F.3d 1063, 1070 (9th Cir.), *cert. denied,* 123 S.Ct. 2094 (2003); *Delaney v. Matesanz,* 264 F.3d 7, 14 n. 5 (1st Cir. 2001); *Freeman v. Page,* 208 F.3d 572, 576 (7th Cir.), *cert. denied,* 531 U.S. 946 (2000). Calling the Second Circuit's approach "eminently reasonable," the Sixth Circuit noted that the stay procedure "addresses the equitable concerns raised by Justice Stevens in *Duncan*, preserves the interests in comity embraced by *Lundy*,[2] and prevents the potential abuse of the writ perpetrated by some petitioners." *Palmer,* 276 F.3d at 781.

After the enactment in April 1996 of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), the practice of this Court was to dismiss habeas petitions for failure to exhaust state remedies without prejudice and equitably toll the running of the statute of limitations as of the date the habeas corpus petition was filed. The tolling of the limitations period was expressly conditioned on petitioner's pursuing his state court remedies within thirty days and on petitioner's refiling his renewed petition for habeas corpus relief within thirty days after exhausting his state court remedies. Like the stay, this approach preserved the interests of comity without penalizing a petitioner who had failed to exhaust his state court remedies. Because the statute of

---

[2]*Rose v. Lundy*, 455 U.S. 509 (1982), *see supra* p. 2, requires the dismissal of "mixed" federal habeas corpus petitions, i.e., petitions containing both exhausted and unexhausted claims, to prevent piecemeal litigation of the petitioner's claims and federal courts from ruling on unexhausted claims without first providing the state courts with the opportunity to adjudicate such claims.

4

limitations was tolled, the petitioner was not in danger of having his subsequent habeas petition dismissed as time-barred when he returned to pursue federal relief after exhausting his state remedies. The time restrictions placed on his pursuing his state remedies and returning to the federal courts ensured the prompt exhaustion of state court remedies and the prompt refiling of the federal habeas petition. Unlike the stay approach, dismissal of the petition with a tolling provision had the distinct advantage of removing petitioner's case from the federal district court's docket during the time petitioner was pursuing his state remedies, which could take months. This practice eliminated unnecessary administrative and judicial resources from being expended on a case that was essentially closed.

In *Hargrove v. Brigano,* 300 F.3d 717, 719-720 (6ᵗʰ Cir. 2002), the Sixth Circuit affirmed the district court's decision employing this tolling practice, concluding that it was "reasonable under the circumstances of th[e] case and under the conditions set forth by the district court." Citing *Palmer*, the court, however, noted that the Sixth Circuit has "embraced" the stay approach espoused by the Second Circuit in *Zarvela*. In *Hill v. Anderson,* 300 F.3d 679 (6ᵗʰ Cir. 2002), a death penalty case decided one day before *Hargrove* in which petitioner filed a "mixed" petition containing both exhausted and unexhausted claims, the Sixth Circuit instructed the district court to remand petitioner's unexhausted claim to the state court and stay petitioner's remaining claims pending resolution of the new, unexhausted issue. *Hill,* 300 F.3d at 683. In doing so, the court indicated that it was adopting *Zarvela's* approach. *Id.* In a later case, *Griffin v. Rogers,* 308 F.3d 647 (6ᵗʰ Cir. 2002), the Sixth Circuit explicitly stated its preference for the stay approach, specifying that "[o]f the two options that Justice Stevens suggested in his *Duncan* concurrence, it is preferable for district courts to stay proceedings pending exhaustion." *Griffin,* 308 F.3d at 652 n.1. The court stated that "ordinarily a district court should stay such unexhausted claims pending exhaustion rather than dismiss them without prejudice." *Id.* at 652.

In light of these Sixth Circuit cases expressing a clear preference for a stay of habeas actions involving mixed petitions, as opposed to an outright dismissal of the petition with an equitable tolling provision, this Court RECOMMENDS that respondent's motion to dismiss (Doc. 7) be DENIED. Instead, the Court RECOMMENDS that the instant proceedings be STAYED during the time petitioner fully exhausts the state appeal remedy discussed above, *see supra* pp. 2-3, that is currently pending before the Ohio courts. To ensure that judicial and administrative resources are conserved, it is FURTHER RECOMMENDED that the stay take the form of an administrative stay and that the case be terminated on the Court's active

docket.

## IT IS THEREFORE RECOMMENDED THAT:

1.   Respondent's motion to dismiss  (Doc. 7) be DENIED.

2.   Because petitioner has not fully exhausted the available state appeal remedy currently pending before the Ohio courts with respect to the ineffective assistance of counsel claim alleged in Ground Four of the petition, it is RECOMMENDED that the petition (Doc. 1) be administratively STAYED and TERMINATED on this Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his currently pending appeal remedy.  Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies and has complied with the condition of the stay.

3.   A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition to allow petitioner to exhaust his state remedies.  *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds).  *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order).  "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that, therefore, the case should be stayed pending exhaustion of such remedies.[3]

4.   With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal

---

[3]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition.  *See Slack,* 529 U.S. at 484.

6

of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date:  8/26/2005                                        s/Timothy S Hogan
      cbc                                        Timothy S. Hogan
                                                       United States Magistrate Judge

J:\BRYANCC\2005 habeas orders\04-634mtd-exh.stay.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

_____

Marvin Murrell,
         Petitioner

     vs.                            Case No. 1:04cv634
                                    (Watson, J.; Hogan, M.J.)

Tim Brunsman,
         Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Marvin Murrell<br>#427-356<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH 45601-<br>0990 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7004 0750 0003 9306 0790 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540