IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marvin Murrell,

    Petitioner,

v.

Tim Brunsman,

    Respondent.

Case No. 1:04cv634

District Judge Michael H. Watson

## OPINION AND ORDER

Before the Court is the August 29, 2005 Report and Recommendation of Magistrate Judge Hogan (hereinafter "Report"). (Doc. 11) Petitioner Marvin Murrell (hereinafter "Petitioner") filed an Objection on September 9, 2005. (Doc. 13)

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).

Magistrate Judge Hogan's Report makes the following recommendations:

    1.    Deny the November 18, 2004 Motion of Respondent Tim Brunsman

(hereinafter "Respondent") to Dismiss (Doc. 7);

2. Administratively stay and terminate on this Court's active docket Petitioner's petition (Doc. 1) pending exhaustion of his Ohio remedies with respect to Ground Four of the petitioner, ineffective assistance of counsel. The stay should be conditioned on Petitioner's filing a motion to reinstate the case on this Court's active docket within 30 days after fully exhausting his currently pending appeal remedy. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies and has complied with the condition of stay;

3. A certificate of appealability should not issue under the standard set forth in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); and

4. Deny any application by Petitioner to proceed on appeal in forma pauperis, with the Court certifying pursuant to 28 U.S.C. §1915(a)(3) that an appeal of any Order adopting this Report would not be taken in "good faith".

In his objection, Petitioner requests leave to dismiss Ground Four of his Petition, ineffective assistance of counsel claim, for which Magistrate Judge Hogan concluded state law remedies had not been exhausted. He seeks to dismiss this count in order to proceed with Grounds One, Two and Three, for which his state law remedies have been exhausted. On October 14, 2005, the Court issued an Order informing Petitioner of the consequences of his request (Doc. 14). In the Order, the Court permitted Petitioner 30 days to consider if this was the course of action he wished to pursue. If Petitioner changed his mind, he was to file a motion indicating that he was withdrawing

1:04cv634 2

his request to dismiss Ground Four on or before November 14, 2006. To date, Petitioner has failed to do so.

Accordingly, the September 9, 2005 Objection of Petitioner (Doc. 13) is hereby **GRANTED** and Ground Four of Petitioner's Petition is hereby **DISMISSED WITH PREJUDICE** and the Report is hereby deemed **MOOT** with respect to points two, three and four above. Further, the Report is **ADOPTED** as to the November 18, 2004 Motion of Respondent to Dismiss (Doc. 7) and as such, it is **DENIED.** This matter is **RECOMMITTED** to Magistrate Judge Hogan to proceed on Grounds One, Two and Three.

**IT IS SO ORDERED.**

*[signature]*

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT