# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARVIN MURRELL,

    Petitioner, : Case No. 1:04-cv-634

    -vs- : Chief Magistrate Judge Michael R. Merz

JAMES ERWIN, Warden[1],

    Respondent. :

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's post-judgment Motion for Reconsideration (Doc. No. 27). The Motion was filed within the time allowed by Fed. R. Civ. P. 59 and is therefore properly before the Court.

Petitioner seeks reconsideration on his Third Ground for Relief, prosecutorial misconduct, which the Court found had been procedurally defaulted. As Petitioner notes, the Ohio Court of Appeals considered this claim on the merits, utilizing federal law, but under the Ohio "plain error" doctrine because Petitioner's trial counsel had failed to make a contemporaneous objection to the assertedly improper comment of the prosecutor.

Petitioner asserts that "once this Court found that the Ohio Court of Appeals although [it]

---

[1] The Court understands from Respondent's Answer that Tim Brunsman has become Warden of the Chillicothe Correctional Institution. He is therefore substituted from James Erwin as Respondent herein, pursuant to Fed. R. Civ. P. 25. As is standard practice in this Court, the caption will remain as originally filed.

invoked 'plain error' it reviewed the merits upon federal Supreme Court precedents, should have exercised it's [sic] Article III powers under the Supremacy Clause to independently review Murrell's federal questions of law (prosecutorial misconduct)." (Motion for Reconsideration, Doc. No. 27, at 3.) However, as noted in the Court's Decision and Order, "[a] state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Hinkle v. Randle,* 271 F. 3rd 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F. 3rd 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003)." In other words, controlling Sixth Circuit precedent does not permit this Court to bypass a procedural default when the Ohio courts have found the default but proceeded to "plain error" review on the merits.

      Petitioner's Motion for Reconsideration is therefore denied.

August 29, 2006.

                                                            s/ Michael R. Merz
                                        Chief United States Magistrate Judge